UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIE EUGENE HENDRICKS, | No. 2:15-cv-0564 GEB AC P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| DAVID LONG, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis in this habeas corpus action filed pursuant to 28 U.S.C. § 2254. Petitioner filed his initial petition on February 13, 2015. ECF No. 1. On April 23, 2015, the undersigned recommended that this action be dismissed as duplicative of petitioner's related habeas corpus action filed February 12, 2015, in Case No. 2:15-cv-0768 MCE AC P.[1] See ECF No. 16. In response, petitioner filed a "Motion to Clarify Findings and Recommendations," wherein he sought to draw distinctions between the two cases. See ECF No. 17. In an abundance of caution, this court vacated the pending findings and recommendations, and accorded petitioner leave to file an amended petition. See ECF No. 18. On September 10, 2015, petitioner filed the operative amended petition. See ECF No. 20.

---

[1] Both cases were originally filed in the United States District Court for the Northern District of California, then transferred to this court. The instant action, Case No. 2:15-cv-0564 GEB AC P, was originally designated Case No. 5:15-cv-0690 LHK P; Case No. 2:15-cv-00768 MCE AC P was originally designated Case No. 4:15-cv-0661 KAW P.

Petitioner's related case, Case No. 2:15-cv-0768 MCE AC P, expressly challenged petitioner's October 2011 sentence by the Sacramento County Superior Court's to the extent that it counted petitioner's 1992 conviction as a strike, on the ground that the plea agreement underlying petitioner's 1992 conviction was improperly obtained.  Because petitioner's 1992 conviction and resulting sentence were fully expired, the court dismissed the petition on the ground that plaintiff's claims are barred by the Supreme Court's decision in Lackawanna County District Attorney v. Coss, 532 U.S. 394 (2001) (precluding challenge to an enhanced sentence on the ground that it relied on an allegedly unconstitutional state conviction that is fully expired). See Case No. 2:15-cv-0768 MCE AC P, ECF Nos. 11, 12.  Petitioner did not file objections to the dismissal of that case.

In the instant case, petitioner purports to directly challenge his 1992 conviction and sentence, which he acknowledges were obtained pursuant to a plea agreement from which he did not appeal.  ECF No. 20 at 1.  Construed as a petition attacking the 1992 conviction, the petition is clearly untimely under the one-year statute of limitations set forth in the applicable Antiterrorism and Effective Death Penalty Act (ADEPA), 28 U.S.C. § 2244(d)(1).[2]  However, it

---

[2] Petitioner's direct challenge to his 1992 conviction and sentence is outside ADEPA's statute of limitations under any authorized construction.  As set forth in 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

1  remains clear that petitioner seeks relief from his October 2011 sentence to the extent that it relied
2  on his 1992 conviction.  Petitioner again attaches briefing, see ECF No. 20 at 10-38, that is
3  identical to that previously filed in this case, see ECF No. 6 at 6-34, and in Case No. 2:15-cv-
4  0768 MCE AC P, see ECF No. 1 at 9-37.  Although petitioner continues to challenge the quality
5  of his criminal representation in 1992, these allegations do not support the sole, limited exception
6  to Lackawanna, viz.,"where there was a *failure to appoint counsel* in violation of the Sixth
7  Amendment, as set forth in Gideon v. Wainwright, 372 U.S. 335 (1963)."  Lackawanna, 532 U.S.
8  at 404 (emphasis added).  As petitioner was informed when the undersigned permitted the filing
9  of the amended petition in this action, "petitioner remains precluded from challenging the merits
10 of his 1992 plea agreement, conviction and/or sentence."  ECF No. 18 at 2.

11      For these reasons, this court will again recommend dismissal of the instant action.  See
12 Rule 4 of the Rules Governing Section 2254 Cases (the court must summarily dismiss a petition if
13 it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to
14 relief in the district court")

15      Accordingly IT IS HEREBY RECOMMENDED that:

16      1.  This action be dismissed with prejudice for failure to state a cognizable claim and
17 because duplicative of Case No. 2:15-cv-00768 MCE AC P.

18      2.  The Clerk of Court be directed to close this case.

19      3.  The court decline to issue the certificate of appealability referenced in 28 U.S.C. §
20 2253.

21      These findings and recommendations are submitted to the United States District Judge
22 assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

---

diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The amended petition fails to demonstrate application of any of these provisions warranting deviation from the routine application of AEDPA's one-year statute of limitations commencing with petitioner's 1992 conviction and sentence.

after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 24, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE